UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMANDA BENNETT,

                    Plaintiff,

        v.

CENTRAL INTELLIGENCE AGENCY,
ELON MUSK,

                    Defendant.

Case No. 3:26-cv-05500-TMC

REPORT AND
RECOMMENDATION RE:
APPLICATION TO PROCEED IN
FORMA PAUPERIS

Plaintiff appears to have funds available to afford the $405 filing fee. Dkt. 1, Application for IFP. Under 28 U.S.C. § 1915(a)(1), plaintiff's IFP application (Dkt. 1) should be denied, as to the financial criteria. *See also* United States District Court for the Western District of Washington, Local Civil Rule 3(b)(c) (explaining the IFP process).

REPORT AND RECOMMENDATION RE:
APPLICATION TO PROCEED IN FORMA PAUPERIS -
1

According to 28 U.S.C. § 1915(a)(1):

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [1] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

To be eligible for IFP status, the party does not need to establish that he or she is destitute. It is important to implement the statute in a practical manner so that a party is not faced with the choice of either abandoning a potentially meritorious claim or going without the necessities of life. *Potnick v. Eastern State Hospital,* 701 F.2d 243, 244 (2nd Cir.1983) (court grants IFP motion concerning $120.00 for filing fees where plaintiff's monthly government benefits provided an income significantly below poverty level, he had little money in the bank, and significant debt); *Cf. Simelton v. Xerox Corp.,* 172 F.3d 876 (Table) (9th Cir. 1999) (unpublished opinion; Court of Appeals upheld the trial court's discretion to deny IFP status where the party's annual income was above the poverty threshold, and his debts were modest). "If a litigant has the wherewithal to pay court fees and costs without thereby being deprived of the necessities of life," then the court may require them to pay the filing fee. *Williams v. Latins,* 877 F.2d 65 (9th Cir. 1989); *Himebauch v. Kaweah Delta Medical Center*, 2012 WL 1969057 (No. 12-CV-0587 LJO BAM)(E.D. Cal. 2012) (citations omitted).

---

[1] 28 U.S.C. § 1915(a)(1) applies to both prisoners and to non-prisoners who make a motion to proceed IFP. A prisoner whose case is within the scope of the Prison Litigation Reform Act (PLRA) would be required to comply with 28 U.S.C. § 1915(b)(1) (2); they must provide trust account information and make regular payments.  Unsuccessful non-prisoner litigants would not be required to pre-pay the filing fee but would be liable for fees and costs when they are financially able. *Brown v. Eppler,* 725 F.3d 1221, 1229 n.6, 1230-31 (10th Cir. 2013). The use of the term "prisoner possesses" has been interpreted as a typographical error. *Haynes v. Scott,* 116 F.3d 137, 139-140, and n. 2 (5th Cir. 1997); *Floyd v. U.S. Postal Service, Service,* 105 F.3d 274, 275-77 (6th Cir.1997), *modified on other grounds* in *Callihan v. Schneider,* 178 F.3d 800, 801 (6th Cir.1999).

REPORT AND RECOMMENDATION RE:
APPLICATION TO PROCEED IN FORMA PAUPERIS -
2

Even if the district court does not clearly state the bases upon which IFP status was denied, the appellate court will review the decision for an abuse of discretion and will affirm on any ground that finds support in the record. *O'Loughlin v. Doe,* 920 F.2d 614 (9th Cir. 1990). The appellate court will not reverse "unless it has a definite and firm conviction that the court below committed a clear error of judgment or acted in an arbitrary fashion unjustified by the situation and circumstances of the case." *Id.* A plaintiff is not entitled to submit an objection to the magistrate judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam).

Aside from the financial criteria, based on the allegations in the proposed complaint, it does not appear plaintiff has met the substantive criteria for IFP required under 28 U.S.C. § 1915(e)(2)(b). Therefore, even if the District Court decides to grant IFP under the financial criteria, the Court recommends the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(b). *Neitzke v. Williams,* 490 U.S. 319 (1989).

Plaintiff is advised the assigned United States District Judge may further review the Complaint under 28 U.S.C. § 1915(e)(2)(b). Pending review by the assigned District Judge, a summons may not be issued. If the summons is not issued, then further filings submitted by Plaintiff will not be considered until after the assigned District Judge completes their review under 28 U.S.C. § 1915(e)(2)(b).mThe Court advises plaintiff that leave to proceed in forma pauperis does not necessarily entitle Plaintiff to a waiver of any other cost(s) of litigation.

The Clerk of the Court is directed to send a copy of this Order to Plaintiff and to the Honorable Tiffany M. Cartwright

REPORT AND RECOMMENDATION RE:
APPLICATION TO PROCEED IN FORMA PAUPERIS -
3

Dated this 4th day of June, 2026.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
APPLICATION TO PROCEED IN FORMA PAUPERIS -
4